912 P.2d 674

John MERRIFIELD, Petitioner–
Appellant,

v.

Arvon J. ARAVE, Warden. IMSI, Joseph Klausser, Warden, ISCI, Glen Johnson, IDOC DHO, and Steven Duell, Lt. ISCI, Respondents.

No. 22267.

Court of Appeals of Idaho.

Jan. 18, 1996.

John D. Merrifield, Boise, pro se appellant.

Alan G. Lance, Attorney General; Robert R. Gates, Deputy Attorney General, Legal Services Division, Boise, for respondents.

WALTERS, Chief Judge.

■ This is an appeal in a habeas corpus proceeding. John Merrifield, an inmate of a state penal institution, seeks review of a magistrate's order dismissing Merrifield's petition for a writ of habeas corpus. The magistrate's order was upheld on an intermediate appeal to the district court. The dismissal order was entered upon the pleadings, affidavits and documents submitted by the parties after the Respondents moved for dismissal on the ground that the petition failed to state a claim upon which relief could be granted. Pursuant to the Idaho Rules of Civil Procedure applicable to habeas corpus actions, *Jacobsen v. State,* 99 Idaho 45, 577 P.2d 24 (1978); *Sivak v. Ada County,* 118 Idaho 193, 795 P.2d 898 (Ct.App.1990), the magistrate was required to treat the Respondents' motion as one for summary judgment under I.R.C.P. 56 upon considering matters outside the pleadings. *See* I.R.C.P. 12(b) and 12(c); *Boesiger v. DeModena,* 88 Idaho 337, 399 P.2d 635 (1965); *Hellickson v. Jenkins,* 118 Idaho 273, 276, 796 P.2d 150, 153 (Ct.App. 1990). However, because the record shows that discovery proceedings undertaken by Merrifield were pending and had not been ruled upon by the magistrate when the dismissal order was entered, we conclude that the magistrate erred by granting the Respondents' motion for dismissal. Accordingly, we vacate the dismissal order and remand the action for further proceedings.[1]

---

1. As explained in this opinion, Merrifield's petition raised due process claims. On this appeal, the Respondents argue that Merrifield was accorded due process consistent with principles recently announced by the United States Supreme Court in *Sandin v. Conner,* —— U.S. ——, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In response, Merrifield questions whether the decision in *Sandin* is applicable to his claims under the Idaho Constitution. Because we dispose of this case on procedural grounds, we need not address the due process issue on its merits but will leave the arguments for consideration by the magistrate on remand.

Merrifield's verified petition, his supporting affidavits, the documentation provided in response to the petition, and the briefs filed by the parties disclose the following circumstances. Merrifield is an inmate serving a sentence for homicide. On May 10, 1991, while housed at the Idaho State Correctional Institution (ISCI), Merrifield received a disciplinary offense report (DOR) charging him with the offense of "group disruption." The DOR was issued by Steven Duell, a Department of Corrections' investigator. The DOR recited that Officer Duell had conducted an investigation and determined that Merrifield and several other named inmates each had received certain money orders from outside the penitentiary as part of a conspiracy in violation of institutional rules prohibiting "the exchange of services or anything of value between inmates." Following an administrative evidentiary hearing before Departmental Hearing Officer Glen Johnson on June 12, Merrifield was adjudged guilty and was sentenced to thirty days in detention. Merrifield also was reclassified and transferred into the Idaho Maximum Security Institution (IMSI). The then warden of ISCI, Dave Paskett, affirmed the hearing officer's recommendation in July, 1991.

On November 18, 1993, Merrifield filed his petition for a writ of habeas corpus, naming as respondents the wardens of the two Institutions, the investigator, Officer Duell, and the Departmental Hearing Officer, Glen Johnson. In his petition, Merrifield alleged that he had been denied due process under both the United States Constitution and the state constitution with respect to the disciplinary proceeding. These allegations included claims that Officer Johnson had denied Merrifield the right to call witnesses in his defense, in particular, a Ms. Hartl; that the evidence at the administrative hearing failed to meet the "some evidence" rule followed in Idaho for a review of such proceedings; that a staff representative who was assigned to assist Merrifield did not properly investigate and present evidence on Merrifield's behalf; that false testimony was given by the investigative officer, Duell; that Officer Johnson refused to allow Merrifield to examine documentary evidence considered against him; and that Merrifield was not provided with written findings of fact necessary to pursue an administrative appeal. Merrifield attached to his petition an affidavit executed by Ms. Hartl reciting that she had mailed a money order to Merrifield to pay him for two items of "hobbycraft" manufactured by Merrifield. For relief, Merrifield requested that an order be entered expunging the disciplinary proceeding from his prison file, if he prevailed on any of the stated issues.

The Respondents filed a responsive pleading, including a motion to dismiss Merrifield's petition on the ground that it failed to state a claim upon which relief could be granted. See I.R.C.P. 12(b)(6). In this unverified pleading, the Respondents set forth their version of the "facts" in greater detail; asserted that Merrifield had not been denied due process in any respect; argued that "some evidence" of guilt existed as required by *Cootz v. State*, 117 Idaho 38, 785 P.2d 163 (1989) and *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); and submitted that Merrifield's claims were moot because he suffered no collateral legal consequences from the disciplinary proceeding. Several documents were submitted as exhibits to this responsive pleading, including copies of: section 608 of the policy and procedure manual for the Department of Corrections (relating to sales of goods produced by inmates in the hobbycraft program); section 410 (relating to maintenance of inmate funds); a portion of section 318–C (relating to disciplinary procedures); the entire DOR in Merrifield's case; the findings of fact made by Officer Johnson; and letters and written materials obtained by interception during the investigation of the "conspiracy" which gave rise to Merrifield's DOR.

Upon receipt of the response and attached documents, Merrifield filed a pleading entitled "Production of Documents Notice of Service" in which he requested the Respondents' attorney to produce a copy of the audio tape of the disciplinary hearing, and copies of the Department of Corrections' policy and procedure sections 410 and 608 that were in effect on the date of the alleged offense. The Respondents filed an objection to the request

for production of documents, asserting that allowing discovery under the civil rules would prolong the proceedings and essentially frustrate the desired purpose of obtaining immediate relief under the habeas corpus statutes, Idaho Code Section 19–4201 *et seq.*

In response to this objection, Merrifield filed a motion for an order to compel production of the documents previously requested or to strike from the record two of the documents included with the Respondents' motion to dismiss, the policy and procedure sections 410 and 608. He also filed a brief in support of his alternative motion, contending that the limited discovery he sought was germane to the action and necessary to defend against the Respondents' motion for summary judgment. Although unartfully stated, he suggested in his brief that the copies of sections 410 and 608 attached to the Respondents' motion to dismiss were not the sections in effect on the date of the disciplinary offense. (Indeed, one of the copies, purporting to represent a portion of section 410, shows on its face that it was revised in February, 1992, subsequent to the date of the alleged DOR.) Along with his motion to compel, Merrifield filed his affidavit stating the facts to the best of his knowledge that contradicted the version of "facts" contained in the Respondents' motion to dismiss.

Merrifield also filed an objection to the Respondents' motion for summary dismissal setting forth his analysis and reasons why the motion should not be granted. The Respondents then filed an objection to Merrifield's alternative motion to compel production or to strike, stating that the items sought to be produced had been provided to an inmate law clerk who was assisting Merrifield in pursuing this action.

The magistrate entered two orders regarding Merrifield's petition, but without comment on Merrifield's discovery motions. In the first order, the magistrate concluded that the decision of the hearing officer not to allow Merrifield to call Ms. Hartl as a witness was a discretionary one justified by the fact that Ms. Hartl was not an inmate or employee of the prison system. The magistrate also held that "some evidence" supported the hearing officer's decision that Merrifield had violated Board of Correction policy by participating in the receipt of money orders from outside the institution. Finally, the magistrate noted that the Respondents had not addressed Merrifield's claim that he never received the written findings of the hearing officer and that his time for appeal had expired, and directed the Respondents to respond to this issue. Upon entry of this first order, Merrifield filed a motion pursuant to I.R.C.P. 59(e) to alter or amend the order, asserting in the motion and by affidavit that the court was misinformed by the exhibits submitted by the Respondents, and representing that Merrifield had yet to receive copies of the Department's policy and procedure that was in effect at the time of the disciplinary infraction.

The Respondents replied to the directive of the court. They alleged that, in response to the magistrate's order, the Department had provided a copy of the hearing officer's findings to Merrifield's law clerk and had reinstated Merrifield's right of appeal as of the date Merrifield received those findings. Based on this reply, the magistrate entered its second order, determining that the extended right of appeal resolved the only remaining issue of due process in question. By this order, the magistrate dismissed Merrifield's petition for a writ of habeas corpus.

■ Merrifield timely appealed to the district court, challenging the magistrate's grant of summary judgment. The district court affirmed, and Merrifield pursued the instant appeal from the district court's determination. Accordingly, we will independently review the magistrate's decision to dismiss Merrifield's petition, after giving due regard to the district court's ruling. *Ausman v. State,* 124 Idaho 839, 864 P.2d 1126 (1993).

■ Merrifield's position is articulated in his brief on appeal as follows:

Simply said: Someone isn't listening. Disciplinary charges predicated upon the violation of a rule necessarily require the existence of that rule to pass constitutional muster; and, the petitioner who presents the un-rebutted allegation that no such rule exists is entitled to discovery on the issue.

Throughout these proceedings the cornerstone of the respondents' defense has been that the petitioner's course of conduct violated established policies and procedures of the Idaho Department of Corrections. [Citation to clerk's record omitted.] This factual allegation is crucial to these matters for at least two reasons: First, if such a policy was in existence the necessary requirement of notice is satisfied. And, second, the policy itself would provide the yardstick by which the "some evidence rule," adopted by Idaho, could be measured. Moreover, absent the existence of such a policy the charge is false; and, axiomatically, the hearing has violated the due process rights of the petitioner.

From the outset of these filings the petitioner has disputed the [Respondents'] contention that the policies and procedures supporting his disciplinary charges were in effect at the time of the infraction. [Citation to clerk's record omitted.] The [Respondents] ha[ve] failed to deny this allegation or to produce the requested discovery of the correct policies and procedures; and the court has refused to compel that same discovery and/or to strike the incorrect documents' inclusion in the record. The petitioner was entitled to that discovery in order to defend against summary judgment. . . . [e]specially, considering this allegation was both undisputed and uncontroverted. Accordingly, the lower court's grant of summary judgment was in error.

■■■■ We fully agree with Merrifield's conclusion that summary judgment should not have been entered while his attempt to obtain discoverable materials germane to responding to the motion for dismissal remained pending. We acknowledge our Supreme Court's reservation concerning the applicability of the rules of discovery in habeas corpus actions expressed in *Jacobsen v. State*, 99 Idaho 45, 577 P.2d 24 (1978). In *Jacobsen*, the Court held that the rules of civil procedure generally apply in habeas corpus proceedings, particularly to the extent that I.R.C.P. 52(a) requires written findings of fact and conclusions of law to be entered by the trial court. 99 Idaho at 50,

577 P.2d at 29. Nevertheless, the Court admonished:

> We do not hold that all rules of civil procedure are fully applicable in habeas proceedings. One example, arguably, would be that the liberal rules of discovery, normally applicable in civil cases, might be inappropriate in habeas cases.

*Id.* (Citations omitted.) We think this observation leaves room for determining, on a case-by-case basis, whether and to what extent the discovery rules should be followed in pursuing habeas corpus actions. An analogy exists with respect to applications for post-conviction relief, filed pursuant to Idaho Code Sections 19–4901 and 19–4902. Rule 57(b) of the Idaho Criminal Rules, adopted subsequent to the *Jacobsen* decision, provides that the provisions for discovery in the Idaho Rules of Civil Procedure shall not apply to post-conviction proceedings "unless and only to the extent ordered by the trial court." Thus, unless necessary to protect an applicant's substantial rights, the trial court is not required to order discovery. *Griffith v. State*, 121 Idaho 371, 825 P.2d 94 (Ct.App. 1992). Nonetheless, reasonable discovery may be permitted subject to supervision and firm control by the trial court to prevent abuses.

Here, Merrifield sought to invoke the discretionary authority of the magistrate to allow discovery by filing his motion for an order to compel the Respondents to produce documents. The magistrate never ruled on the propriety or reasonableness of Merrifield's request. This circumstance takes on greater importance when considered in the light of traditional practice with regard to the use of summary judgments.

As noted earlier, the Respondents' motion for dismissal, supported by documents, necessarily became a motion for summary judgment to be considered pursuant to I.R.C.P. 56. *See* I.R.C.P. 12(b); 12(c); *Boesiger v. DeModena*, 88 Idaho 337, 399 P.2d 635 (1965); *Hellickson v. Jenkins*, 118 Idaho 273, 796 P.2d 150 (Ct.App.1990). Merrifield's attempt to obtain the particular information he sought was not undertaken as a general engagement in discovery practice, but was precipitated by the Respondents' motion and

was claimed to be relevant to meeting the Respondents' contentions.

Implicit in the concept of a summary judgment motion is that adequate time for discovery has been afforded the party who is faced with defending against such a motion. *Celotex Corp. v. Catrett,* 477 U.S. 317, 321, 106 S.Ct. 2548, 2551, 91 L.Ed.2d 265 (1986). It has been said that sufficient time for discovery in a summary judgment proceeding is considered especially important when the relevant facts are exclusively in the control of the opposing party. 10A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY K. KANE, *Federal Practice and Procedure,* § 2741, p. 545 (1983). One of the objectives of the summary judgment rules has been to insure that a diligent party is given a reasonable opportunity to prepare his case. In keeping with this philosophy, the granting of summary judgment will be held to be error when discovery is not yet complete, as for example, when there is a motion before the court to compel a response to discovery efforts. *Id.* at 541–44.

One court has succinctly stated in this regard:

> The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

*Snook v. Trust Co. of Ga. Bank of Savannah, N.A.,* 859 F.2d 865, 870 (11th Cir.1988) (citations omitted). Similarly, the same court recently held:

> The district court erred by granting summary judgment without ruling on Dean's motion to compel discovery. Because discovery matters are "committed to the sound discretion of the district court,

... we review [this question] under an abuse of discretion standard." By effectively ignoring Dean's motion to compel, the district court abused its discretion.

*Dean v. Barber,* 951 F.2d 1210, 1213 (11th Cir.1992) (citation omitted). *See also, Sames v. Gable,* 732 F.2d 49 (3d Cir.1984); *International Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257 (5th Cir.1991), *cert. denied,* 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992); *Parrish v. Board of Comm'rs of the Alabama State Bar,* 533 F.2d 942 (5th Cir. 1976); *Garrett v. City & County of San Francisco,* 818 F.2d 1515 (9th Cir.1987); *Morrison Flying Serv. v. Deming Nat. Bank,* 340 F.2d 430 (10th Cir.1965). In a related vein, we have held that reversible error occurred when the trial court granted summary judgment to a defendant following denial of a motion by the plaintiff to complete discovery with regard to information relevant to an issue raised in the summary judgment proceeding. *Doe v. Sisters of the Holy Cross,* 126 Idaho 1036, 895 P.2d 1229 (Ct. App.1995).

Considering this matter in light of the foregoing principles, we conclude that the magistrate erred in granting the Respondents' motion for dismissal without first explicitly determining the propriety of Merrifield's discovery request. The order of dismissal is vacated and the case is remanded for further proceedings.

LANSING and PERRY, JJ., concur.