IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40162

| | | |
|---|---|---|
| DAVID WAYNE VOGEL, | ) | 2013 Unpublished Opinion No. 685 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: October 2, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

David Wayne Vogel appeals from the district court's order summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Vogel pled guilty to possession of methamphetamine in 2010 after a glass pipe in his possession tested positive for the drug. The glass pipe was analyzed by the Idaho State Police forensic laboratory in Pocatello. Vogel was sentenced to a unified term of seven years, with a minimum period of confinement of three years. He subsequently learned of misconduct at the Pocatello laboratory through letters sent by the Idaho State Police to Idaho prosecutors. The letters indicated that employees at the Pocatello laboratory--including the employee that had conducted the test in Vogel's case--had clandestinely maintained a box of unaccounted-for controlled substances in the laboratory, which they used for training purposes and tour displays.

1

After learning of these issues, Vogel filed a petition for post-conviction relief. In his petition and supporting affidavit, Vogel alleged ineffective assistance of counsel and his belief that the controlled substance testing in his case was flawed as a result of the misconduct at the Pocatello laboratory. The district court appointed counsel, who then filed an affidavit with attached exhibits of the letter from the Idaho State Police and the original test results showing which employee had processed the evidence in Vogel's case. The state moved to dismiss the petition under I.C. § 19-4906(b) and (c), arguing that the claims were bare and conclusory, Vogel had failed to present evidence in support of his claims, and he had failed to raise a genuine issue of material fact. The district court granted the state's motion for summary dismissal of Vogel's claim of ineffective assistance of counsel, but allowed Vogel to amend his petition regarding his claim of misconduct at the Pocatello laboratory. Vogel filed an amended petition that restated both his ineffective assistance of counsel argument and his belief that the controlled substance testing was flawed. Vogel also filed a motion for retesting of the evidence in his case at state expense. However, he presented no further evidence in support of either the motion or the amended petition. As a result, the district court denied the motion and summarily dismissed Vogel's amended petition. Vogel appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by

2

admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.* at 355, 195 P.3d at 714.

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of

material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.

### ANALYSIS

Vogel asserts that the district court abused its discretion and denied his substantial rights by denying his motion for retesting of the evidence in his case. He contends that he provided sufficient evidence that the original controlled substance testing in his case was flawed through the letter and original test results attached as exhibits to the affidavit of counsel. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

In Vogel's motion, he requested that the state bear the expense of retesting the evidence in his case pursuant to I.C. § 19-4904, which provides that a court may order payment of certain costs and expenses for an indigent petitioner in a post-conviction action. This Court has previously analogized a request for reexamination of physical evidence under Section 19-4904 to a request for discovery in a post-conviction action. *See Murphy v. State*, 143 Idaho 139, 147-48, 139 P.3d 741, 749-50 (Ct. App. 2006). When a petitioner believes discovery is necessary for acquisition of evidence to support a claim for post-conviction relief, the petitioner must obtain authorization from the court to conduct discovery. I.C.R. 57(b); *Raudebaugh v. State,* 135 Idaho 602, 605, 21 P.3d 924, 927 (2001). Whether to authorize discovery is a matter directed to the discretion of the district court. *Raudebaugh,* 135 Idaho at 605, 21 P.3d at 927; *Fairchild v. State*, 128 Idaho 311, 319, 912 P.2d 679, 687 (Ct. App. 1996). Discovery in a post-conviction action is

4

not required unless necessary to protect a petitioner's substantial rights. *Murphy*, 143 Idaho at 148, 139 P.3d at 750; *Griffith v. State*, 121 Idaho 371, 375, 825 P.2d 94, 98 (Ct. App. 1992). The district court may permit reasonable discovery subject to its supervision and firm control. *Murphy*, 143 Idaho at 148, 139 P.3d at 750; *Merrifield v. Arave*, 128 Idaho 306, 310, 912 P.2d 674, 678 (Ct. App. 1996). "Fishing expeditions" should not be allowed, as post-conviction actions provide a forum for known grievances, not an opportunity to research for grievances. *Murphy*, 143 Idaho at 148, 139 P.3d at 750. Hence, a post-conviction action is not a vehicle for unrestrained testing or retesting of physical evidence introduced at the criminal trial. *Murphy*, 143 Idaho at 148, 139 P.3d at 750.

The Idaho Supreme Court established a test for determining whether denial of a post-conviction discovery request for reexamination or retesting of physical evidence is an abuse of discretion in *Raudebaugh,* 135 Idaho at 604-05, 21 P.3d at 926-27. Raudebaugh sought release of the murder weapon and state funding to retain an expert to examine it for fingerprint evidence that he asserted could have assisted him at his trial for second degree murder. But, he made no showing that the original fingerprint testing was flawed or that there was new technology that would make current testing more reliable. The Court held that the district court had not abused its discretion in denying Raudebaugh's request because his allegations were merely speculative and unsupported by admissible evidence. *Id.* at 605, 21 P.3d at 927.

The issue here is similar to the issue in *Raudebaugh*. Vogel's motion for retesting was made after the district court allowed him to amend his petition so that he could allege admissible evidence in support of his claim that the original test results in his case were flawed, tainted, or otherwise unreliable as a result of the misconduct at the forensic laboratory in Pocatello. However, the district court found that Vogel had not provided any admissible evidence of this in his amended petition or in support of his motion. Instead, the district court found that Vogel's claim remained bare, conclusory, and unsubstantiated. The letter outlining the misconduct at the Pocatello laboratory and the original test results indicating that an employee involved in the misconduct performed the original tests in Vogel's case fail to indicate any flaws in the original testing as a result of the misconduct at the Pocatello laboratory. Indeed, the reported misconduct did not involve test procedures at the laboratory. Vogel also alleges that the district court failed to recognize that it had discretion to grant his motion for retesting, but the record reflects the contrary. The record indicates that Vogel sought to retest the glass pipe in hopes of discovering

5

evidence that might warrant retesting, as he acknowledged that the test may prove or disprove his allegations. Thus, Vogel's request for retesting was nothing more than a fishing expedition and his assertions, like those in *Raudebaugh*, are merely speculative and unsupported by admissible evidence. Accordingly, without evidence of flaws in the original testing, the discovery was not necessary to protect Vogel's substantial rights, and the district court did not err in denying his motion for retesting.

## IV.

## CONCLUSION

The district court did not abuse its discretion in denying Vogel's motion for retesting because he provided no evidence that the original testing in his case was flawed. Thus, Vogel has failed to assert facts supported by admissible evidence creating a genuine dispute that would entitle him to an evidentiary hearing. Accordingly, we affirm the district court's order summarily dismissing Vogel's petition for post-conviction relief. No costs or attorney fees are awarded on appeal.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**