# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 48256

ERIC CHRISTIANSEN, )
)
   Plaintiff-Appellant, )
)    **Coeur d'Alene, August 2021 Term**
v. )
)    **Opinion Filed: November 16, 2021**
POTLATCH #1 FINANCIAL CREDIT )
UNION, a Credit Union; MICHAEL )    **Melanie Gagnepain, Clerk**
MOSER, )
)
   Defendants-Respondents. )

Appeal from the District Court of the Second Judicial District of the State of Idaho, Nez Perce County. Jeff M. Brudie, District Judge.

The decision of the district court is <u>vacated</u> and the case is <u>remanded</u>.

James, Vernon & Weeks, PA, Coeur d'Alene, for Appellant. Susan P. Weeks argued.

Creason, Moore, Dokken & Geidl, PLLC, Lewiston, for Respondent Potlatch #1, Federal Credit Union. Samuel T. Creason argued.

Aherin, Rice & Anegon, Lewiston, for Respondent Michael Moser. Anthony C. Anegon argued.

—————————————

ZAHN, Justice.

This case concerns whether a trial court can appropriately grant summary judgment against a party when it failed to rule on that party's pending motion to compel discovery. Eric Christiansen filed a nine-count complaint against respondents, Michael Moser and Potlatch #1 Financial Credit Union ("P1FCU"), following a decision by the Lewiston Roundup Association ("LRA") to discontinue contracting with Christiansen to produce motorsport events at the LRA's facility. The complaint alleged that Moser, a P1FCU employee and LRA member, improperly accessed information from Christiansen's P1FCU account and shared it with the LRA so that it could recreate his business model and produce motorsport events without him. The district court granted summary judgment in the Respondents' favor on each of Christiansen's claims. Christiansen appealed, arguing that the district court erred in granting summary judgment

1

because it failed to rule on Christiansen's motion to compel discovery, failed to grant Christiansen more time to complete discovery, and failed to conclude that genuine issues of material fact precluded dismissal of four of Christiansen's claims. For the reasons discussed below, we vacate the district court's orders and judgment and remand for further proceedings.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Background

Eric Christiansen owns and operates a sole proprietorship, E.C. Enterprises,[1] which is primarily in the business of orchestrating motorsport events. The LRA is a nonprofit organization that owns and operates the Lewiston Roundup Grounds (the "roundup grounds"). At all times relevant to this litigation, P1FCU was a federally chartered credit union with branches in the Lewiston area. Michael Moser worked for P1FCU as a mortgage services manager. Moser also served as an LRA board member from 2006 until October 2018. Christiansen has been a member and account holder at P1FCU for approximately forty years.

Beginning in 2006, Christiansen entered into numerous contracts with the LRA to use the roundup grounds for motorsport events, including demolition derbies. The number of events Christiansen held at the roundup grounds varied from year-to-year, but for each event Christiansen executed a separate contract with the LRA. While each event had its own contract, all event contracts for a given year were negotiated and executed at the same time near the beginning of the year. The precise terms of these contracts varied over time, but the broad contours remained the same—in exchange for use of the roundup grounds, the LRA would receive a set percentage of the event's gross ticket sale proceeds or a fixed sum, whichever was greater. To augment his income from ticket sales, Christiansen executed sponsorship agreements with local businesses. Christiansen claims that the revenue generated from his motorsport events at the roundup grounds accounted for 90 to 95 percent of his yearly income.

Following an event, Christiansen would meet with an LRA representative to reconcile ticket sale proceeds and divide them according to the contract. From 2014 to 2018, Christiansen met with Moser, who served as the LRA's special events chair, for the reconciliation process. Moser and Christiansen frequently met in person at Moser's office in a P1FCU branch and exchanged numerous emails and phone calls.

---

[1] The parties draw no distinction between E.C. Enterprises and Christiansen, accordingly we use only "Christiansen."

The LRA and Christiansen were involved in several disputes throughout their relationship. Of particular importance to both parties is a dispute in 2018 involving Christiansen's sale of "pit passes," which culminated in Christiansen conducting an "experiment" with different sets of wristbands. According to Christiansen, the experiment was necessitated due to trust issues between himself and the LRA.

Then, during a September 26, 2018, board meeting, the LRA passed two motions which precipitated this litigation. First, the LRA voted to abstain from executing any further motorsport event contracts with Christiansen. Second, the LRA voted to take over production of the demolition derby events at the roundup grounds. Moser was the LRA president at the time of these votes. The minutes from that meeting are silent as to whether Moser participated in deliberations on the motions. Moser claims that he did not vote on either motion, and as the president he only cast a vote if a tie occurred. Christiansen heard rumors of the LRA's decisions, but the LRA did not officially inform Christiansen of its decisions until December 15, 2018.

Sometime later, Christiansen claims that he received a phone call from former LRA member and P1FCU employee Dave Lumley. Christiansen alleges Lumley told him that "there's been people accessing your bank accounts," and that "they were looking to push [you] out and do their own events." Christiansen claims that "they" referred to the LRA; however, he admitted that Lumley did not specifically identify the LRA in this call. Lumley disputes that the call ever took place. Further, Christiansen's phone records do not indicate he received a call from Lumley's personal or work phone number during the period in which he alleges the call occurred.[2]

Believing that his account had been improperly accessed, Christiansen called a P1FCU branch manager on January 18, 2019, demanding an explanation. Initially, P1FCU was reluctant to supply Christiansen with a report of employees who accessed his account, but eventually acquiesced and provided Christiansen a document titled "Inquiry Tracking Report." The inquiry tracking report shows that between February 1, 2016, and April 26, 2018, Moser accessed Christiansen's account information eight times. Christiansen notes that the dates on which Moser viewed his account details coincided with days that Moser met with Christiansen and LRA board meetings. Moser, for his part, does not remember each time he accessed Christiansen's account,

---

[2] Christiansen did receive one phone call from a P1FCU-related number during the date range in which he alleges Lumley called, but it concerned an unrelated banking matter.

but claims it is likely he would have viewed Christiansen's account to get his contact information or verify how to make an LRA check payable to him.

On August 27, 2019, Christiansen filed this action in the Nez Perce County district court against Moser and P1FCU (collectively "Respondents"), raising claims related to the alleged disclosure of his account information and claiming damages of $2.5 million. Christiansen did not include the LRA as a party to this litigation.

## B. Procedural History

Christiansen's complaint asserted nine counts against P1FCU: (1) negligent supervision, (2) tortious interference with contract, (3) breach of contract, (4) breach of the covenant of good faith and fair dealing, (5) breach of fiduciary duty, (6) tortious invasion of privacy, (7) intentional infliction of emotional distress, (8) negligent infliction of emotional distress, and (9) a per se violation of Idaho Code section 26-1220.[3] The only count brought against Moser was for tortious invasion of privacy. P1FCU answered on August 30 and Moser answered on October 2.

### 1. The discovery process

Christiansen served P1FCU with his first set of discovery requests on October 4, 2019. These discovery requests are not in the record on appeal. The record, however, does contain a letter from P1FCU's counsel to Christiansen's counsel following a "meet and confer" call pursuant to I.R.C.P. 37(a). The letter, dated December 6, 2019, indicated that P1FCU responded to Christiansen's discovery but lodged objections to several interrogatories and requests for production. P1FCU's counsel indicated that during the meet and confer Christiansen agreed to narrow the scope of one interrogatory, and P1FCU agreed to supplement its responses to several of Christiansen's requests for production, but the attorneys could not reach agreement on two interrogatories that P1FCU objected to as vague and overbroad. P1FCU's counsel indicated that Christiansen's counsel agreed to "set this matter for hearing on the morning of January 7, the date on which we anticipate having a summary judgment hearing." Finally, the letter discussed Christiansen's efforts to schedule depositions for several individuals, including Moser. P1FCU's counsel said that he advised Christiansen's counsel that he wished to spend December 24 through December 31 out of the office, and that Christiansen's counsel agreed to reschedule the depositions for January 16 or 17. Later that day, P1FCU's counsel emailed Christiansen's

---

[3] It is not clear from the complaint whether this is a negligence per se claim or some other cause of action. In any event, Christiansen does not challenge summary judgment on this claim on appeal.

counsel, informing him that the district court was unavailable on January 7, but was available on January 16. P1FCU's counsel also requested Christiansen's counsel consider moving his depositions to January 22 and 24. The record is silent as to whether the depositions were rescheduled.

2. <u>Christiansen's motion to compel and motion to continue and Respondents' motions for summary judgment</u>

On December 10, 2019, Christiansen moved to compel discovery from P1FCU pursuant to I.R.C.P. 37, seeking responses to the two interrogatories discussed in the December 6 letter and two requests for production to which P1FCU had objected. It does not appear from the record on appeal that Christiansen attached the discovery requests or P1FCU's responses to his motion or the declaration in support of the motion. Christiansen initially scheduled the hearing on his motion to compel for December 26, 2019, but later filed an amended notice of hearing for January 16, 2020.

Almost a week later, on December 16, 2019, Moser and P1FCU filed motions to dismiss and motions for summary judgment.[4] In support of their motions, they relied on thirty declarations from current and former LRA members. Except for Lumley, each LRA member declared that they had not spoken with Moser or any other P1FCU employee about Christiansen's financial information; did not know that Christiansen had a P1FCU account at the time they voted to not execute any further contracts with him; and did not review Christiansen's private financial information. Lumley declared he had never spoken with Moser or any LRA member about Christiansen's account information. Moser denied that he ever shared Christiansen's account information with the LRA. Moser and P1FCU scheduled oral argument on their motions for January 16, 2020, the same day Christiansen had scheduled the hearing on his motion to compel.

On December 20, Christiansen filed a motion to continue the hearing on Respondents' motions for summary judgment but failed to cite any Idaho Rule of Civil Procedure in support of the motion. Christiansen's counsel submitted a declaration in support of the motion, in which he stated that he was scheduled to be out of the office on vacation for six days during his fourteen-day response timeframe. Christiansen also advised that his motion to compel discovery was set for hearing at the same time as the motions for summary judgment, that he had only just

---

[4] In its March 5 written decision on the motions, the district court only considered the motions under the summary judgment standard. For ease of reference, we refer to them as motions for summary judgment.

begun discovery and, therefore, summary judgment was premature, and that the defendants were using the motions to prevent Christiansen from conducting discovery. Christiansen argued that he "must be allowed to complete discovery before the court can rule on the Defendants' summary judgment motion[s]." Christiansen requested "that the Court reset the summary judgment hearing upon completion of Plaintiff's discovery." Christiansen scheduled his motion to continue to be heard on January 16, 2020, at the same time as the other pending motions. Christiansen did not file a response to Respondents' summary judgment motions.

P1FCU objected to Christiansen's motion to compel, opposing the motion because Christiansen failed to identify a cognizable legal theory in support of many of the counts identified in his complaint, and that defendants had presented the district court with "unanimous, uncontroverted, and incontrovertible evidence" that the alleged actions never happened. P1FCU argued that until Christiansen could demonstrate that the requested information was "relevant to an actual, viable claim," his discovery was little more than a "fishing expedition." P1FCU did not file a motion to quash the discovery or a motion for protective order to stay discovery until its summary judgment motion was heard.

P1FCU opposed the motion to continue on the basis that Christiansen failed to carry his burden under I.R.C.P. 56(d) because he failed to show by affidavits or declaration that, for specified reasons, he could not present facts essential to justify his opposition to summary judgment. Moser opposed the motion to continue because thirty declarations indicated the alleged conduct had not occurred and, therefore, any further discovery by Christiansen would be a "fishing expedition."

3. The January 16 motion hearing

At the January 16 hearing, the district court first heard argument on Christiansen's motion to continue. Christiansen's counsel reiterated his argument that the hearing should be continued because discovery was not complete. The district court asked Christiansen's counsel what discovery he sought and he answered that he wanted "depositions, . . . privacy policies, . . . [and] emails." P1FCU argued that Christiansen had generally failed to carry his burden under Rule 56, which was to show good cause for continuing the hearing. Moser argued that no rule of civil procedure required that a party be able to complete discovery before a summary judgment motion may be heard, that Christiansen had not specified what discovery he wanted, and that Christiansen appeared to be arguing that no summary judgment could be heard until after the

6

discovery deadline passed. Ultimately, the district court denied the motion, concluding that a continuance was unnecessary because it could, after hearing arguments on the motions for summary judgment, deny the summary judgment motions if it determined more discovery was necessary.

Next, the district court heard argument on the motions for summary judgment. P1FCU noted during its argument that Christiansen had not filed a response and, therefore, failed to carry his burden under Rule 56(d) to justify denying the motions for summary judgment. Despite not filing any opposition to the motions, Christiansen provided argument on the merits of his claims and reemphasized that summary judgment was inappropriate because discovery had not been completed.

Finally, the district court asked for argument on Christiansen's motion to compel. Christiansen's counsel relied on the argument already offered in support of his motion to continue and his opposition to the summary judgment motions, and also claimed he had been obstructed in the discovery process and discovery was incomplete. At the conclusion of the hearing, the district court took the motion to compel and motions for summary judgment under advisement.

4. <u>The district court's summary judgment decision</u>

On March 5, 2020, the district court issued an opinion and order on the motions for summary judgment, granting judgment for Respondents on all but one of Christiansen's claims. As to the claims at issue in this appeal, the district court concluded that summary judgment was appropriate on the negligent supervision claim because Christiansen had not offered sufficient evidence to show that P1FCU had a reason to know of any risk Moser posed to others. Next, it concluded summary judgment was proper on the tortious interference with contract claim because Christiansen had not established that Moser acted on P1FCU's behalf, that any contracts were breached, or that P1FCU intentionally interfered with any of his contracts. Concerning the breach of contract claim, the district court concluded summary judgment was appropriate because Christiansen had presented no agreement between himself and P1FCU. Finally, the district court dismissed the breach of fiduciary duty claim after it determined that Christiansen had provided no basis for the existence of a fiduciary duty other than his status as P1FCU's customer, and that relationship did not give rise to fiduciary duties.

7

Christiansen's claim for tortious invasion of privacy was the only claim to survive the district court's order. With respect to that claim, the district court noted that Christiansen had "provide[d] no evidence[,] short of his own conclusions[,] that his information was shared outside of [P1FCU]." However, the district court denied summary judgment on this claim, reasoning that the claim does not require proof of public disclosure and the inquiry tracking report created a genuine issue of material fact concerning whether Moser intruded into Christiansen's private affairs.

The district court did not address Christiansen's motion to compel discovery in its order.

5. <u>The parties' cross-motions for reconsideration</u>

On March 10, 2020, Christiansen stipulated to the dismissal of his intentional and negligent infliction of emotional distress claims and to be "barred from seeking and/or recovering any personal injury damages in this matter." The district court entered a judgment and order to this effect.

On March 17, 2020, P1FCU filed a motion, joined by Moser, seeking: (1) discovery sanctions against Christiansen and (2) reconsideration of the district court's decision denying summary judgment on Christiansen's invasion of privacy claim because his March 10 stipulation barred recovery of damages on the invasion of privacy claim.

On April 17, Christiansen filed a cross-motion for reconsideration, arguing that the district court should reconsider its previous summary judgment rulings in light of new and additional evidence discovered after the district court's summary judgment order. Much of Christiansen's motion for reconsideration essentially sought to relitigate the summary judgment motions. However, the new evidence offered by Christiansen included a purported member contract for Christiansen's P1FCU account, an unverified complaint filed in Nez Perce County in 2009 (the "McClain complaint"), in which Moser and P1FCU were alleged to have improperly disclosed financial information, and LRA meeting minutes. Christiansen also noted that his motion to compel discovery had yet to be resolved.

The district court heard oral argument on the cross-motions on April 23. Christiansen again informed the district court that it had yet to issue a ruling with respect to his motion to compel. The district court acknowledged that it "had not realized that there [are] other matters that have been pending and unaddressed by the Court" and assured Christiansen's counsel that it "will go back and look at those."

Following oral argument, the district court took the motions under advisement and later issued a written order denying Christiansen's motion for reconsideration and granting Respondents' motions for reconsideration. The district court granted summary judgment on Christiansen's tortious invasion of privacy claim, reasoning that Christiansen's stipulation barring him from recovering personal injury damages limited him to recovering damages only for the lost profits from the non-renewal of his LRA contracts. To that end, the district court concluded that Christiansen had not presented evidence that his account information was disclosed, and summary judgment was appropriate because he could not establish causation.

Concerning Christiansen's motion for reconsideration, the district court concluded summary judgment remained appropriate on the negligent supervision claim because the McClain Complaint did not create a genuine dispute of fact as to P1FCU's duty of care. Next, the district court declined to reconsider summary judgment on the tortious interference with contract claim, reasoning that Christiansen had not demonstrated that Moser took actions on P1FCU's behalf. On the breach of contract claim, the district court acknowledged that Christiansen produced a document which purported to be a contract between him and P1FCU. Nonetheless it denied Christiansen's request to reconsider summary judgment on the basis that Christiansen could not establish causation because he "fail[ed] to show even a scintilla of evidence" of causation outside of "his conclusory allegations that [Moser accessing his accounts] led to his information being transmitted to the LRA." Likewise, the district court was unconvinced reconsideration was proper on the breach of fiduciary duty claim because Christiansen did not demonstrate why his status as a P1FCU customer gave rise to fiduciary duties. Finally, the district court ruled that Christiansen's motion to compel discovery had become moot due to the grant of summary judgment on his one remaining claim for invasion of privacy.

The district court entered final judgment in favor of Moser and P1FCU on July 16, 2020. On November 3, 2020, the district court awarded P1FCU and Moser their costs and attorney fees pursuant to Idaho Code section 12-120(3). Christiansen timely appealed.

## II.    ISSUES ON APPEAL

1. Did the district court abuse its discretion by failing to address Christiansen's motion to compel prior to considering the motions for summary judgment?

2. Did the district court abuse its discretion in denying Christiansen's motion to continue the summary judgment hearing?

9

3. Did the district court err in granting summary judgment on four of Christiansen's claims?

4. Is any party entitled to attorney fees on appeal?

## III. STANDARD OF REVIEW

This Court reviews the denial of a motion for an extension of time under Idaho Rule of Civil Procedure 56(d) according to an abuse of discretion standard. *Westover v. Idaho Cntys. Risk Mgmt. Program*, 164 Idaho 385, 388, 430 P.3d 1284, 1287 (2018). Similarly, control of discovery is committed to the sound discretion of the trial court. *Quigley v. Kemp*, 162 Idaho 408, 410, 393 P.3d 141, 143 (2017) (citation omitted). In evaluating whether a district court abused its discretion, this Court uses the four-part *Lunneborg* standard, asking whether the district court "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

When reviewing a summary judgment ruling or a ruling on a motion to reconsider a summary judgment order, this Court applies the same standard utilized by the district court in deciding the motion. *Gregory v. Stallings*, 167 Idaho 123, 128, 468 P.3d 253, 258 (2020) (citation omitted); *Massey v. Conagra Foods, Inc.*, 156 Idaho 476, 479, 328 P.3d 456, 459 (2014) (citation omitted). With respect to that standard, this Court exercises free review to determine if summary judgment is proper. *Gagnon v. W. Bldg. Maint., Inc.*, 155 Idaho 112, 114, 306 P.3d 197, 199 (2013). Summary judgment is appropriate if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (internal quotation and citation omitted). When considering a motion for summary judgment, this Court construes disputed facts in favor of the nonmoving party and draws all reasonable inferences in the nonmoving party's favor. *Berian v. Berberian*, 168 Idaho 394, 401, 483 P.3d 937, 944 (2020) (quoting *Nelson v. Kaufman*, 166 Idaho 270, 274, 458 P.3d 139, 143 (2020)).

## IV. ANALYSIS

**A. The district court abused its discretion by failing to decide Christiansen's motion to compel discovery before considering the Respondents' motions for summary judgment.**

Christiansen argues on appeal that the district court abused its discretion when it failed to rule on his motion to compel prior to considering the Respondents' motions for summary

judgment. As a preliminary matter, we note that Christiansen mistakenly argues that the district court never ruled on his motion to compel. While it is true that the district court initially failed to address the motion, Christiansen brought the unresolved motion to the district court's attention in his motion for reconsideration and the district court addressed the motion in a footnote in its July 1, 2020, opinion: "Plaintiff's motion to compel and Defendants' motion to quash subpoenas are still pending before this Court. The Court's ruling today renders those motions as well as any other pending matters moot." Christiansen's argument on appeal, however, is not dependent on his mistaken belief that the district court failed to rule on the motion; therefore, we can examine his contention that the district court abused its discretion by failing to rule on Christiansen's motion to compel before considering the motions for summary judgment.

Christiansen contends that the district court placed him at a disadvantage in defending against the motions for summary judgment by denying him the opportunity to receive evidence that would have been relevant to, or lead to the discovery of evidence relevant to, his opposition to the motions for summary judgment. On appeal, Respondents initially contend the district court did not abuse its discretion because both the motion to compel and the motion to continue are governed by I.R.C.P. 56(d) and Christiansen failed to establish a right to relief under that rule.

Christiansen filed his motion to compel on December 10, 2019, six days before the Respondents filed their motions for summary judgment. Christiansen cited I.R.C.P. 37(a)(2) and 37(d) as the basis for his motion and sought to compel P1FCU to respond to two interrogatories and two requests for production. P1FCU cites no legal authority to support its contention that the motion was governed by Rule 56(d). While we recognize that Christiansen's motion to continue relied, in part, on the fact that his motion to compel discovery was pending, that reliance does not convert his motion to compel into a motion to continue governed by Rule 56(d). Christiansen's two motions sought different relief—one sought to compel requested discovery and the other sought a continuation of the summary judgment hearing. Under these circumstances, Christiansen's motion to compel is analyzed pursuant to Rule 37 and his motion to continue is analyzed pursuant to Rule 56(d).

I.R.C.P. 37(a) permits a party seeking discovery to move the court for an order compelling an answer to interrogatories or production of documents if the party upon whom discovery was served failed to respond or provided an evasive or incomplete disclosure, answer

11

or response.[5] Although Christiansen did not attach either his discovery requests or P1FCU's responses to his motion to compel or the declaration in support, P1FCU provided materials to the district court that quoted relevant portions of the interrogatories at issue and discussed P1FCU's objections. P1FCU's counsel's December 6 letter quoted Christiansen's interrogatory no. 13 as seeking, "all policies and procedures regarding supervision of employees accessing to private bank account information" and interrogatory no. 14 as seeking, "every known violation of P1FCU's privacy policy by a former or current P1FCU employee, supervisor, manager or executive in the last (15) years." P1FCU's counsel indicated that he objected to both interrogatories as vague, overbroad, and seeking information subject to a protective order. In its opposition to Christiansen's motion to compel, P1FCU argued that it opposed the discovery requests at issue because they sought information not related to a cognizable legal cause of action and because the thirty declarations submitted in support of its motion for summary judgment established the alleged conduct never occurred. P1FCU asserted the district court should prevent Christiansen from proceeding with additional discovery "unless or until Christiansen can create a genuine dispute as to the underlying factual allegations."

Control of discovery is within the discretion of the district court. *Avila v. Wahlquist*, 126 Idaho 745, 748, 890 P.2d 331, 334 (1995). This Court has held that the district court did not abuse its discretion when it granted a protective order and denied a motion to compel pending resolution of a summary judgment motion where the requested discovery was immaterial to the bases asserted in the summary judgment motion. *Id.* This Court similarly held that a district court did not abuse its discretion when it refused to set aside a summary judgment for failure to answer irrelevant interrogatories. *Hemingway v. Fritz*, 96 Idaho 364, 366, 529 P.2d 264, 266 (1974). More recently, this Court held that a district court did not abuse its discretion when it failed to consider a motion to compel before issuing its decision on summary judgment where the motion to compel was filed more than a month after the district court heard argument on the summary judgment motion. *Griffin v. Ste. Michelle Wine Estates LTD.*, 169 Idaho 57, ___, 491 P.3d 619, 644 (2021).

---

[5] Rule 37(a) requires a party moving for relief pursuant to the rule to first, in good faith, confer or attempt to confer with the person or party failing to make the disclosure in an effort to obtain the information without court action. Respondents have not alleged that Christiansen's counsel failed to satisfy this requirement prior to filing his motion to compel.

Christiansen cites *Merrifield v. Arave*, 128 Idaho 306, 311, 912 P.2d 674, 679 (Ct. App. 1996), for the premise that it is error to grant summary judgment when there is a pending motion to compel discovery. In *Merrifield*, an inmate petitioned for writ of habeas corpus alleging violations of his due process rights in connection with a prison disciplinary proceeding. *Id.* at 308, 912 P.2d at 676. The State moved to dismiss and attached several documents outside the pleadings, which converted the motion to one for summary judgment. *Id.* Upon receipt of the State's motion, Merrifield submitted requests for production seeking a copy of the audio recording of his disciplinary hearing and copies of the relevant Department of Correction policies. *Id.* The State objected to the discovery and asserted that allowing discovery would prolong the civil proceedings and frustrate the purposes of Idaho's habeas corpus statutes. *Id.* at 308–09, 912 P.2d at 676–77. In response to the State's objections, Merrifield filed a motion to compel production of the requested documents and asserted the requested discovery was germane to the action and necessary to defend against the summary judgment motion. *Id.* at 309, 912 P.2d at 677. The magistrate court granted the State's motion for summary judgment without ruling on Merrifield's motion to compel. *Id.*

In its decision, the Court of Appeals recognized that while the rules of civil procedure are not fully applicable in habeas corpus proceedings, reasonable discovery may be permitted subject to the trial court's supervision and firm control to prevent discovery abuses. *Id.* at 310, 912 P.2d at 678. The court then recognized that one of the objectives of the summary judgment rules is to ensure that a diligent party is given a reasonable opportunity to prepare his case. *Id.* at 311, 912 P.2d at 679. The Court of Appeals held it was error for the magistrate court to grant summary judgment when Merrifield's motion to compel, which sought information germane to the motion, remained pending. *Id.* at 310, 912 P.2d at 310.

P1FCU asserts that *Merrifield* can be distinguished from this case on several points. The only point P1FCU discusses, however, is that Christiansen failed to establish that the discovery he sought was germane to his response to the summary judgment motions. P1FCU argues Christiansen's appeal from the denial of his motion to compel should therefore be denied.

This case is procedurally similar to *Merrifield.* The plaintiff in *Merrifield* filed his motion to compel in advance of the summary judgment hearing, advised the district court that the information was germane to the summary judgment motion, and argued that he needed the information for his response to the summary judgment motion. In this case, Christiansen filed his

13

motion to compel before Respondents filed their motions for summary judgment. Christiansen then filed a motion to continue the summary judgment hearing and a declaration in support. While not artfully pled, Christiansen's motion and declaration said enough to convey that he was requesting the district court to continue the summary judgment hearing for two reasons: his motion to compel discovery was still pending and he required the information sought in his motion to respond to the summary judgment motions. Moreover, the quoted portions of the interrogatories set forth in P1FCU's counsel's December 6 letter indicate the information requested in Christiansen's interrogatory numbers 13 and 14 is potentially germane to the summary judgment motions concerning Christiansen's negligent supervision and potentially other claims, thus substantiating Christiansen's assertion that he requires the requested discovery for his response to the summary judgment motions. Because P1FCU did not move to quash the discovery or otherwise seek a protective order to stay discovery pending a decision on its motion for summary judgment, P1FCU was still required to answer the discovery in compliance with the Rules of Civil Procedure.

The information in Christiansen's motions, taken together with portions of the December 6 letter, were sufficient to advise the district court that Christiansen's motion to compel sought to address alleged discovery abuses by P1FCU that prevented him from obtaining information he needed to respond to the pending summary judgment motions. This Court recently advised that district courts must address discovery issues promptly, lest a party be permitted to prevail despite unreasonably resisting legitimate discovery efforts:

> Violations of discovery rules must be dealt with as they arise and as they are acknowledged by the trial court. If they are not, the party unreasonably avoiding legitimate discovery will be rewarded for its intransigence, to the detriment of the innocent party. It is also conceivable that a party could unreasonably resist discovery and be subject to appropriate sanctions, but ultimately prevail on the merits of the case.

*Gem State Roofing, Inc. v. United Components, Inc.*, 168 Idaho 820, ___, 488 P.3d 488, 497 (2021). While we take no position on the validity of Christiansen's assertions or P1FCU's objections, we hold the district court abused its discretion by failing to rule on Christiansen's motion to compel before considering Respondents' summary judgment motions. Under the circumstances of this case, the failure to first address Christiansen's motion to compel created a risk that defendants may prevail on the merits despite unreasonably resisting discovery. The

14

district court's failure to rule on Christiansen's motion to compel no doubt affected its decisions on Christiansen's motion to continue and Respondents' motions for summary judgment.

On remand, the district court must evaluate the merits of Christiansen's motion to compel discovery and determine whether to grant or deny the motion. If it determines that P1FCU's objections and reasons for not producing the requested documents are not well-taken, it must reevaluate its decision on the other motions. However, nothing in our decision should be construed as directing the district court on how to rule on the motion or how to proceed with considering the motion.

Although P1FCU asserts we should deny Christiansen's appeal because he failed to establish that the discovery he sought was germane to the summary judgment motions, the district court never ruled on the merits of the motion, including whether the requests were germane. The district court merely concluded—after denying a continuance and granting summary judgment—that the motion to compel was moot. As a result, there is no decision for us to review on that point. Upon determination that a trial court has abused its discretion, "the appellate remedy ordinarily is not to usurp the judge's authority by exercising such discretion ourselves." *H20 Envtl., Inc. v. Farm Supply Distribs., Inc.*, 164 Idaho 295, 300, 429 P.3d 183, 188 (2018) (quoting *Evans v. Sawtooth Partners*, 111 Idaho 381, 387, 723 P.2d 925, 931 (Ct. App. 1986)). Rather, the appropriate remedy "is to remand the case for reconsideration in light of the correct legal standard." *Id.*

In view of our decision vacating the district court's decision on Christiansen's motion to compel, we must also vacate the district court's other orders denying Christiansen's motion to continue, granting the Respondents' summary judgment motions, denying Christiansen's motion for reconsideration, granting the Respondents' motions for reconsideration, denying any other pending motions as moot, and awarding Respondents their costs and reasonable attorney fees. On remand, the district court should first rule on Christiansen's motion to compel and then, after ruling on that motion, determine how to proceed with any remaining motions. Given our holding today, there is no need to address the parties' arguments concerning the district court's decisions to deny Christiansen's motion to continue and grant Respondents' motions for summary judgment and reconsideration.

**B. No party is entitled to attorney fees on appeal, but costs are awarded to Christiansen as the prevailing party.**

Christiansen asserts that, should he prevail, he is entitled to attorney fees pursuant to Idaho Code section 12-120(3). Both Moser and P1FCU claim they are entitled to fees under section 12-120(3) or, in the alternative, Idaho Code section 12-121, and to their costs pursuant to I.A.R. 40.

Both Idaho Code sections 12-120(3) and 12-121 require a prevailing party for an award of fees. I.C. § 12-120(3) ("the prevailing party shall be allowed a reasonable attorney's fee . . ."); I.C. § 12-121 ("the judge may award reasonable attorney's fees to the prevailing party . . ."). Similarly, I.A.R. 40 awards costs "as a matter of course to the prevailing party" on appeal. I.A.R. 40(a). Neither P1FCU nor Moser prevailed on any issues on appeal; therefore, they are not prevailing parties and we decline to award them attorney fees or costs.

Christiansen's request for attorney fees consists of his citation to Idaho Code section 12-120(3) and his agreement with the district court's conclusion, in its decision awarding fees to P1FCU and Moser, that the gravamen of the case was a commercial transaction. Christiansen does not cite I.A.R. 41, nor does he provide any argument or cite any caselaw in support of his bare assertion that the gravamen of the case is a commercial transaction. The Idaho Appellate Rules require a party seeking attorney fees to not only state the basis for an award but also provide argument, "with citations to the authorities, statutes and parts of the transcript and record relied upon," as to why they should be awarded attorney fees. I.A.R. 35(a)(5)–(6), 35(b)(5)–(6); *see also Johnson v. Murphy*, 167 Idaho 167, 175, 468 P.3d 297, 305 (2020). As such, "absent any legal analysis or argument, 'the mere reference to [a] request for attorney fees is not adequate.'" *Johnson*, 167 Idaho at 176, 468 P.3d at 306 (quoting *Goldman v. Graham*, 139 Idaho 945, 948, 88 P.3d 764, 767 (2004)).

Moreover, because we vacate the district court's judgment and remand for further proceedings consistent with this opinion, "any determination of the prevailing party is premature until the case is finally resolved." *City of McCall v. Buxton*, 146 Idaho 656, 667, 201 P.3d 629, 640 (2009) (citing *MBNA Am. Bank, N.A. v. Fouche*, 146 Idaho 1, 4, 189 P.3d 463, 466 (2008)); *see also Hillside Landscape Const., Inc. v. City of Lewiston*, 151 Idaho 749, 754, 264 P.3d 388, 393 (2011)) ("Because we do not yet know who will prevail in this action, any determination of the prevailing party is premature."). Consequently, we decline to award Christiansen attorney fees on appeal. However, on remand "[i]f the district court awards attorney fees to the prevailing

16

party, it may also award attorney fees for this appeal." *Hillside Landscape Const.*, 151 Idaho at 754, 264 P.3d at 393.

## V.    CONCLUSION

The district court's orders and judgment in favor of Respondents are vacated, and this case is remanded for further proceedings. The district court abused its discretion when it failed to rule on the merits of Christiansen's motion to compel discovery before considering the Respondents' motions for summary judgment. On remand, the district court must first rule on the merits of Christiansen's motion to compel before considering any other motions. We decline to award either party attorney fees but do award Christiansen his costs on appeal.

Chief Justice BEVAN and Justices BRODY, STEGNER, and MOELLER **CONCUR.**